DETROIT EDISON CO. *v.* STATE BOARD OF
TAX ADMINISTRATION.

1. JUDGMENT—RES JUDICATA—AMENDMENT OF CONTROLLING STATUTE.

Unappealed decision of circuit court between same parties that definition of sale at retail in general sales tax act was sufficient to include the sale of steam actually delivered as such to a customer but did not apply to steam heating service furnished by plaintiff was not *res judicata* of question before court as to applicability of general sales tax act where legis-

lature had since amended the act so as to include steam in such definition "when made to the consumer or user for consumption or use rather than for resale" (Act No. 167, § 1, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

2. SALES—STEAM.

The measurement of the sale of steam by weight or quantity of condensation following the consumption as steam is but an incident or means of determining the amount due on account of the sale.

3. TAXATION—SALES—TANGIBLE PROPERTY—STEAM.

The fact that one provision of the general sales tax act states that a sale at retail means any transaction by which is transferred for consideration the ownership of tangible personal property does not limit the taxable sales to those of tangible property where there is subsequent special provision including sale of steam (Act No. 167, § 1, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

4. SAME—SALES—STEAM USED FOR HEATING PURPOSES.

The term "steam" as used in general sales tax act is sufficient to include steam used for heating purposes and is not confined to a commodity consumed by a purchaser merely because the act does not specify steam heat (Act No. 167, § 1, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

Appeal from Wayne; George (Fred W.), J., presiding. Submitted April 21, 1941. (Docket No. 65, Calendar No. 41,457.) Decided June 2, 1941. Rehearing denied September 2, 1941.

Assumpsit by Detroit Edison Company, a New York corporation, against State Board of Tax Administration and others to recover sums paid as sales tax under protest. Judgment for plaintiff. Defendants appeal. Reversed.

*Oxtoby, Robinson & Hull* (*Robert S. Marx, Carl Runge,* and *Frank M. Wiseman,* of counsel), for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

WIEST, J.  Plaintiff furnishes steam to patrons for heating purposes, protested payment of sales tax on compensation received, brought this action to recover the tax paid, had recovery, and defendants review by appeal.

Act No. 167, § 1 (e), Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663–1, Stat. Ann. 1940 Cum. Supp. § 7.521), provides:

"The term 'sale at retail' includes sales of electricity, natural and/or artificial gas and steam when made to the consumer or user for consumption or use rather than for resale: *Provided, however,* That the term 'sale at retail' shall not include the sale of water through water mains."

It is stipulated that:

"Plaintiff owns and operates four central heating plants in the city of Detroit.  *  *  *  In said stations, steam is generated by the boiling of water in boilers.  The steam so generated is then conducted through pipes in and under the streets of the city of Detroit to the premises of customers, and where such steam is used for heating buildings and homes of customers (which is generally the case), the steam, on reaching such buildings and homes, then passes through radiators installed therein, in which radiators said steam is condensed, thereby being changed back to water and giving off through the radiator, heat.  *  *  *  In the sale of heat through the medium of steam passing through the radiator,  *  *  *  the customers of the plaintiff receive and are charged for the heat—British

thermal units—carried by the steam so generated at plaintiff's heating plants and released in the condensing of the steam as aforesaid.''

A few of plaintiff's customers are furnished steam for culinary purposes and tax on that service is not questioned.

Plaintiff contends that it furnishes heat units only and condensation from the steam is either returned to plaintiff or cast into the sewer, and such is not a sale subject to the sales tax.

Plaintiff invokes as *res judicata* an unappealed holding of the Wayne circuit court in a suit between these same parties previous to the amendment to the act, that:

" 'The term, sale at retail, includes sales of electricity for light, heat and power, and the sale of natural and artificial gas,' is sufficient to include the sale of steam actually delivered as such to a customer,'' and

"That said Act No. 167, Pub. Acts 1933, does not apply to the steam heating service furnished by plaintiff, where the furnishing of such service takes the form of a sale and delivery of thermal units by the passing of steam through a radiating system, such service   *   *   *   not constituting a sale taxable under the act.''

Thereafter the legislature, as before stated, amended the term ''sale at retail'' to include ''steam,'' and we now have the question anew for decision under such subsequent enactment and issues thereon untrammeled by the doctrine *res judicata*.

Counsel for plaintiff express the view:

"The purpose of the 1939 amendment, so far as concerns the portion of the general sales tax act here involved, must have been to make the act *con-*

*form* to the decree signed by Judge. Miller in the prior case, so that there would be no danger of the practice not being uniform throughout the State.''

So te hold would constitute the express inclusion of steam an intended exclusion from the tax.

Plaintiff contends:

''That the word 'steam,' as used in the act, means just that, and does not cover, *in addition,* another distinct and separate thing, *steam heating service. Appellants,* on the other hand, asked the trial court to add to the act the words 'and steam heat'; and are now asking this Court so to legislate, under the guise of judicial construction.''

This only brings us back to the pivotal question of whether the term ''sale at retail'' includes sales of ''steam when made to the consumer or user for consumption or use rather than for resale.''

The measurement of the sale by weight or quantity of condensation following the consumption as steam is but an incident or means of determining the amount due on account of the sale.

The fact that a preceding provision of the act, section 1, subd. (b), provides that '' 'Sale at retail,' means any transaction by which is transferred for consideration the ownership of tangible personal property,'' does not, as against the subsequent special and speaking provision here involved, limit taxable sales to tangible personal property.

Plaintiff asks that a distinction be drawn ''between the sale of steam as a commodity for appropriation, use and consumption by the purchaser, and the furnishing of a steam heating service where the customer desires, receives and is charged for the 'heat' only—thermal units—delivered by the steam as it passes through radiators, with the vapor and

the condensate remaining the property of and being at the disposal of the Detroit Edison Company.''

The sought distinction is between steam sold for consumption and steam employed as a vehicle or carrier of heat units to a customer, and it is argued that in the latter instance steam is not consumed but, having performed its services, condenses back to water and, consequently, there is no sale of steam.

Steam is generated as a marketable commodity and sold as such at a metered rate for consumption use by the purchaser. It thus enters the marts of trade and is rendered subject to bargain and sale. Steam is vendible and is sold by plaintiff. We cannot hold that the term "steam," as employed in the sales tax act, does not go beyond elastic vapor of boiling water, and a sale thereof, if to furnish heat, is not subject to tax because the act does not specify "steam heat." Steam has value as a commercial commodity and may not be considered a mere vehicle conveying only a service in the instance at bar and, therefore, no sale, while in other instances it is admittedly a sale.

We think the tax properly exacted and plaintiff has no right to recover the tax paid.

The judgment is reversed, with costs to defendants.

Sharpe, C. J., and Bushnell, Boyles, Chandler, and North, JJ., concurred. Butzel, J., did not sit. McAllister, J., took no part in this decision.